### SAUNDERS et v JENKINS et, Etc

Ohio Appeals, 6th Dist, Erie Co

No 404. Decided July 6, 1934

Young & Young, Norwalk, and Walter Saunders, for plaintiffs.

Claude J. Minor, Sandusky, for defendants.

WASHBURN, PJ, FUNK and STEVENS, JJ, (9th Dist) sitting.

**OPINION**

By FUNK, J.

The undisputed evidence in this case shows that, in 1833, at least twelve freeholders of Huron County filed, with the county commissioners of Huron County, a petition for a public road to the shore of Lake Erie; that said commissioners duly ordered a view for such road, and that the report thereof, describing the road by metes and bounds, as set forth in the petition, was duly received by them; that a hearing was duly had thereon, and that in March, 1834, they ordered "the said return and survey to be recorded a public highway"; that said road, as surveyed in 1833, was commonly known as the "Hahn" road; and that Berlin township was then in Huron County but afterwards became a part of Erie County.

That in 1916 the county commissioners of Erie County, by resolution, duly declared the said Hahn road to be a township road.

That in 1917 plaintiffs and others duly petitioned the commissioners of Erie County to vacate the part of said Hahn road laid out in 1833 and 1834 north of the east and west intercounty highway, now U. S. route No. 2; and that the prayer of the petition was denied and the petition dismissed. A copy of these proceedings to vacate said part of said road are made a part of the record in the instant case.

That in 1920 plaintiffs filed a petition in the Common Pleas Court of Erie County, being case No. 14098, asking that the then trustees of said Berlin township be enjoined from improving and opening the part of said Hahn road north of said east and west road; and that said case was heard in April, 1921, and the court found "the issues with defendants" and dismissed the petition.

That in September, 1921, the Court of Appeals of Erie County heard said case upon appeal and also dismissed the petition at plaintiffs' costs, which still stands unmodified and unreversed.

On January 16, 1922, plaintiffs filed their petition in the instant case, and the case was heard on its merits in December, 1931, but the journal entry finally disposing of the case in Common Pleas Court was not filed until in February, 1933.

The principal question at issue is whether or not the road established in 1834 was ever opened, and if so, whether it has been abandoned.

The case is before this court upon a transcript of the evidence taken in the court below in the instant case, which includes, as an exhibit, a transcript of the proceedings and evidence taken in said case No. 14098, which was tried in 1921; also a copy of the proceedings to vacate said road in 1917; a copy of the proceedings of the county commissioners of Erie County, making the road in question a township road; a copy of the proceedings of the commissioners of Huron County in 1833 and 1834, establishing the road in question; together with numerous plats and pictures, and the depositions taken and filed in this court in April, 1934. We have carefully read and considered all of them.

From our reading of the record, we find that the plaintiffs have not only not sustained the burden of proving the allegations of their petition by a preponderance of the evidence, but that there is no proof at all as to some of the allegations, and as to others we find that the evidence preponderates in favor of defendants.

We find no evidence to show that the road established in 1834 was never opened. On the contrary, the transcript of the proceedings of the trial in case No. 14098 in 1921, shows, on page 1-c, that the court said:

"From the statements of counsel it is conceded that at one time, from 1834 up to 1867, the strip of road in question was a public highway. If it is not a public road now by reason of the fact it has been abandoned then the plaintiffs own the property. They are the owners of the property. That leaves only two questions for determination: (1) Whether there has been abandonment of it, and (2) Whether it is a township road or a county road? You may proceed with the evidence."

There was no exception by either side to this statement by the court.

The testimony of witnesses for both parties clearly shows that a road from the

east and west highway to the lake was in use at all times from 1867 until about 1915, when said east and west intercounty highway was paved, at which time said east and west road was graded and filled in so high that, since then, it has been very inconvenient to get onto it with a loaded vehicle from the part of said Hahn road north of said east and west highway, and since which time the part of said Hahn road north of said east and west highway has not been used for vehicular travel; but there is evidence that it has been used for foot travel.

While there is some variance in the maps admitted in evidence, and in the testimony of the various witnesses as to the exact location of the used road, it is clear that a road was used from said east and west highway to Lake Erie, across what is now plaintiff's land, that it was known as the north part of said Hahn road, and that some part of said north part of said Hahn road, as surveyed in 1833, was used most of the time, if not at all times. The variation in the exact location of the used road from the surveyed road, as shown by the evidence, is such that we cannot say that the road as surveyed in 1833 was not opened or that it was at any time abandoned.

The fact that plaintiffs filed a petition to vacate said north part of said Hahn road from the main intercounty highway north to Lake Erie, soon after said highway was so graded and paved, is strong evidence that there was such a road in use, and that it was so recognized by plaintiffs.

It is admitted, and the evidence clearly shows, that the part of said Hahn road which extends south of said east and west highway, is now and always has been open to public travel as far back as any of the witnesses for either party could remember, at least one of whom remembered it as early as 1867.

Although a recent survey, made for plaintiffs during the pendency of this litigation, was introduced in evidence, to show that the part of said Hahn road south of said east and west highway may be about 170 feet east of where the surveyor who made said recent survey claims the survey of 1833 shows said part of said Hahn Road should have been, and that accordingly the part of said Hahn road north of said east and west highway could not have been where witnesses for defendant say it was located, there is no evidence to show that said south part of said Hahn road was ever in any other place than where it is now located, or that it is not where the surveyors who made the survey of said road in 1833 located it, as it is well known among those familiar with surveys made in the early part of the last century that many of them were not accurate, and there is no evidence as to the accuracy or inaccuracy of said 1833 survey. The testimony of said surveyor who made said recent survey would thus seem to explain rather than contradict some of the apparent conflicts in the evidence for plaintiffs and defendants concerning the location of said Hahn road north of said east and west highway.

Moreover, it will be noted that in case No. 14098 and in the instant case, the road in question is described by the metes and bounds used in said 1833 survey. While the petition of plaintiffs and others to vacate said road refers to it merely as the "Hahn" road, one of the remonstrances against its vacation, signed about that time by many persons in that community, did contain a description of the road by the metes and bounds used in said 1833 survey; besides, the map attached to the proceedings to vacate said part of said Hahn road, which proceedings were had before the county commissioners of Erie County in 1917, and other maps admitted in evidence as exhibits, plainly indicate that the road sought to be vacated is the road which the plaintiffs allege the township trustees are proposing to open.

It is thus apparent that the road sought to be vacated in 1917 by plaintiffs, and the road which plaintiffs sought to enjoin the township trustees from opening in 1920 and 1921 in said case No. 14098 in the Common Pleas Court, and in case No. 150 in the Court of Appeals, as well as in the instant case, is a part of the road as established in 1834.

Furthermore, the defendants set up the defense of res adjudicata, based upon the judgment against plaintiffs in case No. 150 in this court in 1921. Plaintiffs claim that the determination of said case No. 150 is not res adjudicata so far as the instant case is concerned, because defendants filed no answer in the Common Pleas Court and filed only a motion to dissolve the temporary restraining order.

We think that the transcript of the proceedings at the trial in the Common Pleas Court in said case No. 14098, clearly establishes beyond question that it was heard and decided on its merits, and which case was thereafter heard on appeal in said case No. 150 in the Court of Appeals. The journal entry in said case No. 150, as shown by the brief of counsel for plaintiffs, says that "this cause came on to be tried by

the court upon the pleadings, the transcript of testimony and journal entries; was argued by counsel and submitted to the court." There is nothing in the record to show that defendants did not file an answer in the Court of Appeals. At any rate, the Court of Appeals, in said case No. 150, not only dissolved the temporary restraining order theretofore granted by the Common Pleas Court, but also dismissed plaintiffs' petition and assessed the costs against them, showing plainly that said case No. 150 was also heard and decided on its merits and not merely upon a motion to dissolve a temporary restraining order.

We are therefore of the opinion that both the Common Pleas Court in case No. 14098, and the Court of Appeals in case No. 150, heard said case on its merits in 1921, and that their actions were res adjudicata as to the issues in the instant case.

However, having heard and determined the instant case on its merits, a decree may be entered in this case, finding on the issues joined for defendants, similar to that in the Common Pleas Court, dismissing the petition, and assessing all costs against the plaintiffs.

WASHBURN, PJ, and STEVENS, J, concur in judgment.